IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH PONISCIAK, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 10-4232 |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## MEMORANDUM OPINION

**ROBERT F. KELLY, Sr. J.**                                                         **NOVEMBER 18, 2011**

Presently before the Court is a Motion to Compel by Plaintiff, Joseph Ponisciak, and the Memorandum of Law in Opposition to Plaintiff's Motion to Compel by Defendant, Michael Astrue. For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part.

### I. BACKGROUND

Pro se Plaintiff, an employee of the Social Security Administration, has filed a claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e- 3a, alleging that Defendant retaliated against him by failing to select him for two separate promotions to the GS 11/12 level in 2003, and selecting two other candidates for a temporary position in 2004. (Compl. ¶¶ 8-19.) Plaintiff served Complainant's Interrogatories and Request for Production of Documents on Defendant on or about July 29, 2011. (Def.'s Mem. Law Opp'n Pl.'s Mot. to Compel at 1; Ex. 1.) On August 31, 2011, Defendant, asserting a number of general and specific objections, served Plaintiff with responses to his discovery requests which included a total of

3,189 pages of documents. (Id.; Exs. 2, 3.) Plaintiff sent a letter to Defendant dated September 9, 2011, complaining that Defendant's responses to his discovery requests were deficient. (Id. at 1-2; Ex. 4.) By letter dated September 16, 2011, Defendant responded to Plaintiff's letter. (Id. at 2; Ex. 5.) On October 5, 2011, Defendant received Plaintiff's Motion to Compel, which was filed with the Court on October 19, 2011. (Id.).

In his Motion to Compel, Plaintiff argues that Defendant has not provided responsive and complete answers and documents to Interrogatory No. 13, as well as Document Request Nos. 1, 3, 8, 10, 11, 12, and 13. (Pl.'s Mot. to Compel at 1-3.) Defendant responds to each of Plaintiff's allegations in detail. (Def.'s Mem. Law Opp'n Pl.'s Mot. to Compel at 2-8.) We will address each Interrogatory and Document Request in turn.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows litigants to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved [in] the litigation." Topol v. Tr. of Univ. of Pa., 160 F.R.D. 476, 477 (E.D. Pa. 1995). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[Relevancy] under Rule 26 is to be construed liberally," but it "must also be determined and limited by the context of the facts and circumstances of each particular case." Williams v. Am. Cyanamid, 164 F.R.D. 615, 616 (D.N.J. 1996). A district judge must exercise broad discretion in supervising discovery. Bowman v. Gen. Motors Corp., 64 F.R.D. 62, 69 (E.D. Pa. 1974).

## III. DISCUSSION

As an initial matter, Defendant argues that Plaintiff's Motion to Compel is procedurally improper because he did not comply with the Eastern District of Pennsylvania Local Rules of Civil Procedure; namely, Local Civil Rule 7.1(c) (requiring his motion be accompanied by a brief containing a concise statement of the legal contentions and authorities that he relied upon for his motion) and Local Civil Rule 26.1(f) (requiring discovery motions contain a certification that the parties, after a reasonable effort, are unable to resolve the dispute). (Def.'s Mem. Law Opp'n Pl.'s Mot. to Compel at 2-3.); see also E.D. Pa. R. Civ. P. 7.1(c), 26.1(f). Although he is proceeding pro se, Plaintiff is still required to abide by the Federal and Local Rules of Civil Procedure. See Nguyen v. ATM Corp. of Am., No. 08-531, 2008 WL 5003459, at *1 (W.D. Pa. Nov. 21, 2008) ("[Plaintiff] must understand that even though she is proceeding pro se, she is still required to comply with all of the applicable procedural rules, including the Federal Rules of Civil Procedure, the Local Rules of Court and the chambers practices."); Clymer v. Attorney Gen. Office, No. 02-7955, 1999 WL 269930, at *2 (E.D. Pa. Apr. 21, 1999) ("Although pro se litigants are given much latitude by the trial court, they are generally required to inform themselves regarding procedural rules and to comply with them."). Even though Plaintiff's Motion to Compel is procedurally improper due to his failure to follow the Local Civil Rules, we will dispose of the Motion on the merits. However, Plaintiff is specifically directed to follow all of the procedural rules, both federal and local, in order to proceed with his lawsuit.

### A. Plaintiff's Interrogatories

#### 1. Interrogatory No. 13

Interrogatory No. 13 requests various information about Job Announcement VAN-SA-

177963. (Def.'s Mem Law Opp'n Pl.'s Mot. to Compel; Ex. 1.) Defendant argues that Plaintiff's Motion to Compel regarding this Interrogatory should be denied because he recently produced a supplemental response after receiving Plaintiffs's letter dated September 9, 2011, which clarified what Plaintiff was seeking. (Id. at 7.) Since Defendant provided a supplemental response, which Plaintiff neither acknowledges nor addresses as being deficient, we will deny the Motion to Compel as it pertains to Interrogatory No. 13.

### B. Plaintiff's Document Requests

#### 1. Document Request Nos. 1, 3, 8, 10, and 13

Document Requests Nos. 1, 3, 8, 10, and 13 ask for various documentation regarding the three jobs at issue, as well as documentation pertaining to the promotion panels, the selectees, selecting officials, and candidates for those jobs. (Id.; Ex. 1.) In his Response to Plaintiff's Motion to Compel, Defendant states that he has produced all responsive documents, if any, to these Document Requests. (Id. at 4-7.) Plaintiff has not come forward with any reply to Defendant's assertion that he has produced all of the responsive records in his possession; therefore, we deny Plaintiff's Motion to Compel pertaining to Document Request Nos. 1, 3, 8, 10, and 13.

#### 2. Document Request Nos. 11 and 12

Document Request Nos. 11 and 12 seek various documentation regarding GS 11/12 grade positions requiring special disability experience from 2004 until the present. (Id.; Ex. 1.) Defendant objected to these requests on various grounds, including that they are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Id. at 5-6; Ex. 3.) In his Motion to Compel, Plaintiff asserts that the requests for

documents are relevant. (Pl.'s Mot. to Compel at 2.) We agree with Plaintiff that Request Nos. 11 and 12 are relevant potentially bearing on issues involved in the litigation; however, they are overly broad and unduly burdensome due to their eight-year time frame. Consequently, we limit the time frame of Document Request Nos. 11 and 12 from 2004 until 2006, which is a reasonable amount of time under the facts and circumstances of this particular case. Thus, Plaintiff's Motion to Compel is granted relating to Document Request Nos. 11 and 12, but is limited to the years of 2004 through 2006.

## IV.   CONCLUSION

Plaintiff's Motion to Compel is denied pertaining to Interrogatory 13 due to Defendant's supplemental response which Plaintiff fails to acknowledge or address. Plaintiff's Motion to Compel regarding Document Request Nos. 1, 3, 8, 10, and 13, is also denied because Defendant states he has produced all responsive documents, if any, and Plaintiff does not proffer any argument in response. Plaintiff's Motion to Compel is granted regarding Document Request Nos. 11 and 12, but is limited to the time frame of 2004 through 2006.

An appropriate Order follows.