IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| JOSEPH PONISCIAK, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 10-4232 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security Administration, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                        **March 14, 2012**

Presently before the Court is Plaintiff Joseph Ponisciak's ("Ponisciak") "Reply Brief in Opposition to Motion for Summary Judgment."[1] Due to our decision to grant summary judgment in favor of the Defendant Michael J. Astrue ("Defendant") on the same day that we received this Reply, we will treat this as a Motion for Reconsideration. For the reasons set forth below, this Motion is denied.

**I.     BACKGROUND**

On August 20, 2010, Ponisciak filed a Complaint against the Defendant alleging acts of retaliation by the Social Security Administration ("SSA") emanating from his union activities and prior Equal Employment Opportunity ("EEO") complaints.[2] Specifically, Ponisciak claims

---

[1] See Complainant's Reply Brief in Opposition to Motion for Summary Judgment, March 7, 2012, ECF No. 21.

[2] Jurisdiction is proper under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § § 2000e to 2000e-17).

his failure to be hired for four SSA job vacancies[3] and the refusal to allow amendments to his EEO complaint constituted unlawful retaliation.  The underlying facts of these claims have been set forth extensively in the Memorandum Opinion granting Summary Judgment in favor of the Defendant.  (Mem. Op. Granting Mot. Summ. J., Mar. 7, 2012, ECF Nos. 22-23.)

Relevant to the issue *sub judice*, on January 20, 2012, Defendant filed a Motion for Summary Judgment.  (Def.'s Mot. Summ. J.)  On February 7, 2012, Ponisciak filed a Response in Opposition to the Motion.  (Pl.'s Mot. Opp'n Summ. J.)  The Defendant replied on February 14, 2012.  (Def.'s Mot. Supp. Summ. J.)  On March 7, 2012, this Court granted the Defendant's Motion for Summary Judgment.  (Order Granting Mot. Summ. J.)  However, that same day, Ponisciak filed a second Motion in Opposition to Summary Judgment.[4]  (Pl.'s Second Mot. Opp'n Summ. J.)  Noting the timing and nature of the Motion, we will treat it as a Motion to Reconsider the grant of summary judgment in favor of the Defendant.

## II.   STANDARD OF REVIEW

A motion for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 59(e) and/or 60 and Local Rule 7.1(g).  The purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence."  Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994).  Accordingly, a judgment may be altered or amended if the party seeking reconsideration sets forth at least one of the following conditions: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

---

[3] Three Social Insurance Specialist vacancies (SA 177963, SSA-2003-248 & SSA-2003-243) and a 120 day temporary Developmental Assignment as an Operations Specialist.

[4] In this motion, Ponisciak included several exhibits and a five page brief reiterating his previous arguments in support of his position.

the court granted the motion for summary judgment; and/or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); Max's Seafood Café, by Lou Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  In the context of motions to reconsider, manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  See In re Rose, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007).

A motion to reconsider judgment is not a "means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."  Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  Nor is it an instrument to raise new arguments or present evidence that could have been raised prior to the entry of judgment.  See Hill v. Tammac Corp., No. 051148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006); Helfrich v. Lehigh Valley Hosp., No. 03-5793, 2005 WL 1715689, at *3 (E.D. Pa. July 21, 2005).  Since Federal Courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Dissatisfaction with the Court's ruling is not a proper basis for reconsideration.  Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

**III.    DISCUSSION**

With due respect for Ponisciak's status as a pro se complainant[5] and affording him all the subsequent advantages the law offers, we find that there are no grounds for granting a Motion to

---

[5] A pro se litigant's complaint is to be construed liberally.  Ruff v. Healthcare Adm'r, 441 Fed. Appx. 843, 845 (3d Cir. 2011).

Reconsider. Ponisciak neglects to proffer, nor can we find, any intervening change in the controlling law. Ponisciak does provide evidence in the form of exhibits to support the allegations he set forth in his Complaint and Responses to Defendant's summary judgment motions. However, this evidence is neither new nor persuasive (since this Court has already taken it into account in granting Summary Judgment for the Defendant). Additionally, Ponisciak posits no errors of law nor fact for this Court to review and we fail to find any. Ponisciak's motion essentially attempts to reargue points that were previously argued and disposed of in our Memorandum Opinion granting Summary Judgment for the Defendant. See Mem. Op. Granting Mot. Summ. J., Mar. 7, 2012. It is well settled that a motion for reconsideration is not a means for reargument. Finally, federal courts have enunciated their strong interest in the finality of judgments. Upon review, this case neglects to present any issues that warrant disturbing these interests.

In sum, Ponisciak is not entitled to have his case re-opened because his motion is not justified by an intervening change in the controlling law, newly available evidence or a need to correct a clear error of law or fact or prevent manifest injustice.

An appropriate Order follows.